# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FOUAD M. HASSAN,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0844**  (BOR Appeal No. 2047995)
(Claim No. 2011041447)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**RG STEEL WHEELING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Fouad M. Hassan, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 26, 2013, in which the Board affirmed a December 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 30, 2011, decision that denied Mr. Hassan's application for workers' compensation benefits. The Office of Judges held the claim compensable for acute exacerbation of chronic obstructive pulmonary disease. The Office of Judges denied compensability for chronic obstructive pulmonary disease and exacerbation of asthma and refused to grant Mr. Hassan any additional temporary total disability benefits. Mr. Hassan is appealing the Board of Review's denial of chronic obstructive pulmonary disease, exacerbation of asthma, and additional temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Hassan has worked as an oven patcher and crane operator for RG Steel Wheeling, LLC at two locations for approximately thirty-nine years. Mr. Hassan alleges that he was exposed daily to coke dust, smoke, and several chemicals. He filed an application for workers' compensation benefits and requested temporary total disability benefits. Sanasagar Morisetty, M.D., concluded that Mr. Hassan has work-related acute exacerbation of chronic obstructive pulmonary disease and exacerbation of asthma. Attila A. Lenkey, M.D., opined that Mr. Hassan had chronic obstructive pulmonary disease. Dr. Lenkey further opined work-related dust exposure caused an obstructive airway process that manifested as asthma. The claims administrator denied the application for workers' compensation benefits by concluding there was no medical evidence to support the claim.

The Office of Judges reversed the claims administrator's decision and held the claim compensable for acute exacerbation of chronic obstructive pulmonary disease but denied the requests to add chronic obstructive pulmonary disease and exacerbation of asthma as compensable conditions and additional temporary total disability benefits. The Office of Judges further held the claim compensable on a no lost time basis with medical benefits restricted only to treatment of Mr. Hassan's acute exacerbation of his pre-existing chronic obstructive pulmonary disease. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Hassan disagrees and asserts that any pre-existing condition is clearly related to his exposure in the steel mills where he was exposed to chemicals, smoke, and dust and that there has been no exposure outside of work. He further asserts that Dr. Morisetty found that he could not perform his work duties due to his occupational asthma. West Virginia Office of Insurance Commissioner maintains that the record does not demonstrate that Mr. Hassan's chronic obstructive pulmonary disease is work-related but rather shows that it was pre-existing in nature.

Dr. Morisetty diagnosed Mr. Hassan with occupational acute exacerbation of chronic obstructive pulmonary disease on the Report of Injury application. The Office of Judges found that the medical evidence supported the addition of acute exacerbation of chronic obstructive pulmonary disease as a compensable condition. This Court agrees with the Office of Judges and the Board of Review that the medical evidence does support the addition of acute exacerbation of chronic obstructive pulmonary disease as a compensable condition.

However, the Office of Judges incorrectly denied the addition of chronic obstructive pulmonary disease and acute exacerbation of asthma as compensable conditions. Dr. Lenkey diagnosed Mr. Hassan with chronic obstructive pulmonary disease and noted that Mr. Hassan is a lifetime non-smoker. Dr. Morisetty concluded that Mr. Hassan had an occupational exacerbation of asthma, and Dr. Lenkey concluded that, due to Mr. Hassan's dust exposure at work, he had developed an obstructive airway process that manifested as asthma. On the Report of Injury application, Dr. Morisetty diagnosed Mr. Hassan with acute exacerbation of chronic obstructive

pulmonary disease and occupational exacerbation of asthma. Dr. Morisetty also believed that Mr. Hassan could not work from April 20, 2011, until July 10, 2011. This Court finds that there is sufficient medical evidence to support holding chronic obstructive pulmonary disease and the exacerbation of asthma as compensable conditions. Since Dr. Morisetty found these compensable diagnoses prevented Mr. Hassan from returning to work, this Court also grants Mr. Hassan temporary total disability benefits from April 20, 2011, through July 10, 2011.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record in so far as it did not add the exacerbation of asthma and chronic obstructive pulmonary disease as compensable conditions and did not grant temporary total disability benefits from April 20, 2011, until July 10, 2011. Therefore, the decision of the Board of Review is reversed and remanded with instructions to add the exacerbation of asthma and chronic obstructive pulmonary disease as compensable conditions and to grant temporary total disability benefits from April 20, 2011, until July 10, 2011.

Affirmed in part and Reversed and Remanded in part.

**ISSUED:**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Justice Brent D. Benjamin
Justice Allen H. Loughry II

Justice Loughry, dissenting:

I write separately because I strenuously disagree with the majority's decision to add chronic obstructive pulmonary disorder as a compensable component of Mr. Hassan's claim. In this case, the claimant did not allege that he developed chronic obstructive pulmonary disease from his employment on his application for benefits. Instead, he alleged that he suffered an exacerbation of the disease. The Office of Judges concluded that the chronic obstructive pulmonary disease was pre-existing and not sufficiently supported by the medical evidence in the record. The only issue before the Office of Judges was the exacerbation of chronic obstructive pulmonary disease. Because there has been no determination on the merits below that the

3

claimant's chronic obstructive pulmonary disorder was a result of his employment, I believe that the decision to find the condition compensable is erroneous.

Also, the majority's decision is not only contrary to the evidence of record, the holding is inconsistent with the process for establishing the compensability of occupational diseases as required by West Virginia Code § 23-4-1 (2008) and West Virginia Code of State Rules §85-1-13 (2009). The majority should have remanded the issue of compensability of the disease to the Office of Judges, the trier of fact, for a determination of whether or not the condition is compensable.

For these reasons, I respectfully dissent from the majority's decision in this matter.